IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CR-00018-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LORNE HOWARD | ) | |

This matter is before the court on defendant's motion for reconsideration of the court's 20 December 2019 order denying his motion for compassionate release. (DE # 106.) The government has filed a response in opposition, (DE # 108), and defendant filed a reply, (DE # 109).

The court denied defendant's motion for compassionate release not only because he had failed to satisfy the exhaustion/lapse period requirement of 18 U.S.C. § 3582(c)(1)(A), but also because he had not shown "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). (DE # 105, at 6, 7.) Defendant requests that the court reconsider this decision based on his recent nine-day local hospital stay during which 30 pounds of fluid was drained from his abdomen and based on the Bureau of Prison's ("BOP") failure to transfer him to a tertiary care hospital. (DE # 106, at 1.)

Defendant suggests the facts of his case are "remarkably similar" to those in United States v. Beck, No. 1:13CR 186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019). (Reply, DE # 109, at 2.) In that case, relying on extensive medical evidence, the court concluded that the defendant's terminal and invasive breast cancer coupled with the BOP's "abysmal" treatment of that illness provided extraordinary and compelling justification to reduce her sentence to time

served. Beck, 2019 WL 2716505, at *7. Unlike in Beck, defendant is not terminally ill, (12/20/19 Order, DE # 105, at 7), and has not submitted any evidence that the BOP has not adequately treated his medical conditions.

The court will not disturb its initial conclusion that defendant's medical conditions, albeit serious, do not constitute extraordinary and compelling reasons to reduce his term of imprisonment to time served. Also, nothing in defendant's motion for reconsideration concerns the alternative basis for the court's ruling, that is, defendant's failure to satisfy § 3582(c)(1)(A)'s exhaustion/lapse period requirement.

Defendant's motion for reconsideration is DENIED.

This 13 January 2020.

_____
W. Earl Britt
Senior U.S. District Judge